HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRIMINAL PRODUCTIONS, INC.,

        Plaintiff,

     v.

DOES 1-8,

        Defendants.

Case No. C17-102-RAJ

ORDER

This matter comes before the Court on Plaintiff Criminal Productions, Inc.'s ("Criminal Productions") *Ex Parte* Motion for Expedited Discovery.  Dkt. # 5.  These motions are substantially identical to those filed in four similar cases currently pending before the Court.  *See, e.g.*, Case No. 16-729-RAJ, Dkt. # 5; Case No. 16-860-RAJ, Dkt. # 5; Case No. 16-1016-RAJ, Dkt. # 5, Case No. 16-1177-RAJ, Dkt. # 5.  The Court granted those motions and will do the same here.

This case involves alleged copyright infringement over the BitTorrent protocol.[1] Plaintiff is the holder of a copyright for the motion picture *Criminal*, Registration No. PA 1-984-029.  *See* Compl. ¶ 6, Ex. A.  Based on its investigation, Plaintiff has concluded that various IP addresses (each associated with a Doe defendant) have engaged in peer-to-peer sharing of *Criminal* over BitTorrent.  *See id.* ¶¶ 10-12.  As a result, Plaintiff brings claims of copyright infringement.  *See id.* ¶¶ 25-35.

---

[1] *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161 (E.D. Mich. 2012) provides a detailed description of the BitTorrent protocol.

ORDER – 1

Plaintiff now requests permission to serve subpoenas on Internet service providers ("ISPs") seeking information sufficient to identify each Doe defendant pursuant to Federal Rule of Civil Procedure 45.  Dkt. # 5 at 7.

Fed. R. Civ. P. 26(d) provides that absent a court order or other authorization, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  This includes non-parties as well as parties and therefore encompasses subpoenas on non-parties.  *See Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) (quoting *Villegas v. United States,* No. 12–0001, 2012 WL 1801735, at *8 (E.D. Wash. May 16, 2012)).

Courts have applied a "good cause" standard in evaluating requests for early discovery.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'"  *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (quoting *id.*).  In the context of determining whether there is good cause to permit expedited discovery to identify anonymous internet defendants, courts have considered whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 499 (D. Ariz. 2012) (quoting *New Sensations, Inc. v. Does 1-1,474*, No. C11-2770 MEJ, 2011 WL 4407222 at *1 (N.D. Cal. Sept. 22, 2011)); *see also Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

ORDER – 2

1    The Court finds that these factors have been met here and that Plaintiff has shown

2  good cause.

3    With respect to the first and second factors, Plaintiff has identified the Doe

4  defendants based on their respective IP addresses.  Plaintiff has engaged a German

5  company that provides forensic investigation services for copyright owners.  *See* Dkt. # 6

6  (Arheidt Decl.) ¶ 2.  A consultant for that company states that he used proprietary

7  software to capture and record the IP addresses of all BitTorrent users who connected to a

8  swarm sharing the film *Criminal.  Id.* ¶¶ 10, 14-19.  Based on a visual inspection of the

9  file and a comparison of the "hash checksum," the consultant determined that the

10  BitTorrent users were copying and distributing pieces of *Criminal.  See id.* ¶¶ 15, 17-19.

11  The consultant then compiled a list of IP addresses along with the date and time those IP

12  addresses connected to the swarm and distributed BitTorrent "pieces" to the monitoring

13  system.  *See id.* ¶¶ 19-20.  These IP addresses are sufficiently specific to determine that

14  the Doe defendants are real persons whose names may be known to their ISP and who

15  can be sued in federal court.  *See Cobbler Nevada, LLC v. Does 1-32*, No. C15-

16  1432RSM, 2015 WL 5315948, at *3 (W.D. Wash. Sept. 11, 2015).

17    Plaintiff has also sufficiently pled a *prima facie* case for copyright infringement.

18  Plaintiff has alleged that it owns the registered copyrights at issue (*see* Compl. ¶¶ 5-6, Ex.

19  A) and that the Doe defendants copied and distributed the copyrighted work without

20  Plaintiff's authorization (*see* Compl. ¶¶ 28-31).  *See A&M Records, Inc. v. Napster, Inc.*,

21  239 F.3d 1004, 1014 (9th Cir. 2001).

22    Some courts at this stage have, however, severed and dismissed all Doe defendants

23  but the first, finding that these defendants were not properly joined.  *See Third Degree

24  Films*, 280 F.R.D. at 499.  This Court will not take this drastic step in this particular case.

25  More recently, courts have held that joinder of multiple Doe defendants may be

26  permissible in similar BitTorrent cases only if plaintiffs can show that the defendants

27  participated in the same swarm at or near the same time.  *See AF Holdings, LLC v. Does*

28  ORDER – 3

*1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 91 (E.D.N.Y. 2012); *see also Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011). This concern is not present in the instant case. The IP addresses identified in the complaint appear to have participated in the same swarm roughly within a few days or hours of each other. *See* Compl. Ex. B.

Finally, Plaintiff notes that ISPs typically retain user activity logs identifying their subscribers. *See* Dkt. # 6 (Arheidt Decl.) ¶ 12. Once provided with the relevant IP address and the date and time of the allegedly infringing activity, ISPs can use their subscriber logs to identify the relevant information necessary to identify the subscriber. *Id.* ¶¶ 12-13.

As Plaintiff has shown good cause, the Court will **GRANT** the motion. Dkt. # 5. The Court permits Plaintiff to issue subpoenas pursuant to Federal Rule of Civil Procedure 45 on ISPs seeking information sufficient to identify each Doe defendant, including his or her name, telephone number, address, and email address. An ISP served with a subpoena authorized by this Order shall give written notice (including email notice) and a copy of the subpoena to any affected subscriber as soon as possible after service of the subpoena. The ISP shall provide Plaintiff with the date when such notice was provided to any affected subscriber. The ISP and any affected subscriber shall have thirty (30) days from the date of service of the subpoena on the ISP to object to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B). The ISP shall not disclose Defendants' identifying information during the 30-day period or if a timely objection is served unless and until the Court orders it to do so. If an objection is served, the ISP shall preserve any material responsive to the subpoena for a period of no less than ninety (90) days in order to allow Plaintiff to move for an order compelling production

\\

\\

ORDER – 4

under Federal Rule of Civil Procedure 45(d)(2)(B)(i).  If no objection is served, the ISP shall comply with the subpoena within ten (10) days.

DATED this 7th day of February, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5