HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRIMINAL PRODUCTIONS, INC.,

    Plaintiff,

v.

OLENA WILSON and SHARON KLINE,

    Defendants.

CASE NO. C17-102 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Olena Wilson's Motion to Dismiss. Dkt. # 18. Plaintiff opposes the Motion. Dkt. # 20. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss. Dkt. # 18.

## II. BACKGROUND

Plaintiff Criminal Productions, Inc. filed this case against Defendants alleging that they infringed on its copyright to the motion picture, *Criminal*, by illegally downloading the movie using a "peer-to-peer" ("P2P") or BitTorrent file network. Users of BitTorrent file networks use online pseudonyms ("user names" or "network names"). At the time of filing, Plaintiff identified Defendants by their Internet Protocol ("IP") address and the

ORDER – 1

date and time of the alleged infringement. Plaintiff then used information from a non-party Internet Service Provider ("ISP") to determine Defendant's names. Dkt. # 20.

Defendant Olena Wilson, proceeding *pro se*, now moves to dismiss Plaintiff's complaint. As Defendant does not cite to any legal authority in her Motion, the Court construes it as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

#### A. FRCP 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to

ORDER – 2

judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

Ms. Wilson argues that she was not properly named as Defendant in this case because she did not download the movie at issue, that she is located in a housing development with access to at least eleven (11) Wi-Fi networks from her home, that her personal Wi-Fi network was password-protected with a default password, and that she believes that the evidence naming her as Defendant in this case is insufficient because of the existence of Malware and other methods used by hackers to route data through other IP addresses.

To state a claim for copyright infringement, Plaintiff must establish: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has alleged that it owns a valid and registered copyright in the *Criminal* film. Dkt. # 14 ¶¶ 6-7; Dkt. # 14 Ex. A. This "is considered prima facie evidence of the validity of the copyright." *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); *see also* 17 U.S.C. § 410(c). Having alleged ownership and filed a certificate of registration, Plaintiff has established the first element.

Plaintiff alleges that Comcast assigned a distinct IP address to Wilson. Dkt. # 14 ¶ 10. Plaintiff alleges that this IP address "was observed infringing Plaintiff's motion picture" on a specific date and at a specific time. *Id*. ¶ 18. Plaintiff further alleges that the "physical makeup and layout" of Defendant's residence and neighborhood and the "standard security measures imposed by the ISP" prevent unauthorized use of an IP

ORDER – 3

address and make it unlikely that a wireless signal was "high jacked by someone outside of the residence". *Id.* ¶ 14. Plaintiff also alleges that the infringing activity was not an isolated incident and would have diminished the bandwidth of Wilson's Internet connections such that she would likely have been aware that it was occurring. *Id.* ¶ 12.

To overcome a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff need only allege facts that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568. Assuming that the allegations in the Amended Complaint are true, the fact that Ms. Wilson's IP address was observed engaging in "persistent" activity, that this particular IP address was observed copying *Criminal*, and that the "physical makeup and layout" of Ms. Wilson's residence allegedly makes it unlikely that her wireless signal was used by someone outside of the residence, all sufficiently support Plaintiff's claim that Ms. Wilson copied elements of the copyrighted work. Therefore, Defendant's Motion to Dismiss is **DENIED.**

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss. Dkt. # 18.

DATED this 8th day of January, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4