Honorable Richard A. Jones

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9

CRIMINAL PRODUCTIONS, INC.,

Plaintiff,

v.

OLENA WILSON, an individual,

Defendants.

Civil Action No. 17-cv-102RAJ

RESPONSE TO MOTION TO VACATE
DEFAULT

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RESPONSE TO MOTON TO VACATE DEFAULT
Civil Action No. 17-cv-102RAJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Plaintiff respectfully responds to Defendant Olena Wilson's response to motion for default judgment, construed by the Court as a motion to vacate default. (April 9, 2018 Motion Calendar Entry)

## BACKGROUND

Plaintiff brought this action for copyright infringement against a number of Doe defendants identified by Internet Protocol ("IP") addresses. After conducting preliminary discovery with respect to the identities of the subscribers assigned the subject IP addresses, Plaintiff filed its amended complaint naming Defendant. (Dkt. 14) Plaintiff alleges that it owns the rights in the protected motion picture *Criminal*, and that Defendant directly, indirectly or contributorily infringed Plaintiff's copyright. Plaintiff seeks injunctive relief, destruction of unauthorized copies, statutory damages and reasonable attorney's fees and costs. (*Id.*, Prayer for Relief) Proof of service of the amended complaint was filed with the Court. (Dkt. 26) Defendant filed a motion to dismissed that was opposed and ultimately denied. (Dkt. 35) When the Defendant failed to answer or otherwise respond within the time required by law thereafter, Plaintiff moved for default, which was entered. (Dkt. 41) Plaintiff now moves for default judgment and the relief requested.

## ARGUMENT

An entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). The "good cause" standard for vacating an entry of default is the same standard for vacating a default judgment. *Franchise Holdings II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 1986) see also Fed. R. Civ. P. 65(b). In deciding whether to set aside an entry of default, the Court considers three factors: (1) whether Plaintiff will be prejudiced if the Court sets aside the default judgment, (2) whether Defendants have a meritorious defense, and (3) whether culpable conduct of Defendants led to the default. *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). These factors are to be considered conjunctively. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Phi Thi Nguyen v. Cty. of Clark*, 2010 U.S. Dist. LEXIS 90539, at *7-8 (W.D. Wash. 2010). The decision of whether to set aside a default judgment is discretionary. TCI, 244 F.3d at 695.

Plaintiff respectfully submits that good cause is not shown to vacate the entry of default and that default judgment should be entered against Defendant. First, Plaintiff would be prejudiced by vacating default and reopening the case at this last date. To be prejudicial, the setting aside of a judgment must hinder a plaintiff's ability to pursue his or her claim. *TCI*, 244 F.3d at 701. That is, the delay caused to a plaintiff as a result of pursuing the default judgment "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Such is the case here. Plaintiff has sought diligently to enforce its claims against Defendant since the case was filed January 25, 2017, but has been denied the opportunity by Defendant's actions. Defendant has been well aware of Plaintiff's claims, and actively participated in the litigation by filing a motion to dismiss instead of answering June 19, 2017. (Dkt. 18) After the Court denied Defendant's on January 8, 2018 (Dkt. 35), Defendant failed to answer as required under FRCP 12(a)(4)(A), and again after Plaintiff provided written notice of its intent to move for entry of default pursuant to LCR 55(a). At this point, after entry of default and Plaintiff's motion for default judgment against Defendant—the last remaining party in this case— Plaintiff respectfully submits that it would be prejudiced if the default was set aside and the case was reopened at this late date, nearly 18 months after the case commenced and with critical evidence stale; for example, the loss of memory of infringing actions, existence of computer hardware and memory, etc. from January 2017).

Second, Defendant have not articulated a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700. As set forth in Plaintiff's motion for default judgment (Dkt. 43), Defendant has failed to come forward with anything more than a bald denial of liability in the face of Plaintiff's proof of meeting all required elements for copyright infringement; this does not demonstrate a meritorious defense, or even a factual or legal basis to prove the same. On the other hand, Plaintiff has demonstrated it likelihood of prevailing on the merits. To prevail on a copyright infringement claim requires (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Kelly v. Arriba Soft Corp.*, 336 F.3d

RESPONSE TO MOTION TO VACATE DEFAULT - 2
Civil Action No. 17-cv-102RAJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

811, 817 (9th Cir. 2003). The evidence of copyright infringement by Defendant demonstrates that Defendant's conduct was willful and Plaintiff has suffered real harm. In evaluating the merits in this type of situation (default judgment), courts often apply the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, all factors weigh in favor of default judgment. Without entry of default judgment, Plaintiff will be prejudiced because it will be left without a legal remedy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Plaintiff has adequately alleged and shown Defendant's liability. The amount at stake is also relatively modest—Plaintiff seeks damages at the lower end of the statutory range along with modest attorney's fees and costs for efficient work on this case. Defendant's failure to respond is not the product of excusable neglect; they were properly served. Finally, although there is a strong policy for deciding cases on their merits, Defendant's failure to respond to Plaintiff's claims means that this factor does not preclude entry of default judgment. *See Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1013 (C.D. Cal. 2014).

Third, the culpable conduct of Defendants led to the default. A defendant's conduct is culpable where there is "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI*, 244 F.3d at 698. Here, as noted above, Defendant has been well aware of the case proceedings, and in fact has used the system when it served her to actively oppose Plaintiff's prosecution, including by filing a motion to dismiss. Defendant was well aware of case deadlines, and was specifically notified in writing of Plaintiff's intention to move for default. The only explanation for default is that Defendant deliberate intended not to respond, gambling that the case would just go away after she lost the motion to dismiss. Indeed, Defendant's response is completely devoid of any good faith, credible reason for failing to respond in this case. It was only when Defendant realized that Plaintiff would be seeking reimbursement for its attorney's fees and costs as part of the default judgment that Defendant decided that her gamble failed, prompting the present motion to vacate the judgment. This legal strategy is precisely the type of default behavior lacking good faith that the TCI court found consistent with "a devious, deliberate, willful, or bad faith failure to respond."

RESPONSE TO MOTION TO VACATE DEFAULT - 3
Civil Action No. 17-cv-102RAJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    Plaintiff respectfully requests that the Court deny Defendant's motion to vacate the default, and

2    enter judgment against the defaulted Defendant.

3    RESPECTFULLY SUBMITTED April 23, 2018

4                                          s/David A. Lowe, WSBA No. 24,453
                                            Lowe@LoweGrahamJones.com
5                                          LOWE GRAHAM JONES<sup>PLLC</sup>
6                                          701 Fifth Avenue, Suite 4800
                                           Seattle, WA 98104
7                                          T: 206.381.3300

8                                          Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RESPONSE TO MOTION TO VACATE DEFAULT - 4
Civil Action No. 17-cv-102RAJ

1

**CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that a true and correct copy of the

3
foregoing document has been served to all counsel or parties of
record who are deemed to have consented to electronic service via

4
the Court's CM/ECF system, and by U.S. Mail as follows:

5
Olena Wilson
23240 NE 10th Pl

6
Sammamish, WA 98074

7
s/ David A. Lowe

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

RESPONSE TO MOTION TO VACATE DEFAULT - 5

Civil Action No. 17-cv-102RAJ